**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION**

| | |
|---|---|
| CONNIE BRYANT,      )<br>    Plaintiff,          )<br>                             )<br>v.                         )     Case No. _____<br>                             )<br>EXPRESS SCRIPTS, INC.  )<br>    Defendant.        ) | |

## DEFENDANT EXPRESS SCRIPTS, INC. NOTICE OF REMOVAL

For its Notice of Removal, Defendant Express Scripts, Inc. ("Express Scripts") states:

1. Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, *et seq.*, Express Scripts, by and through its undersigned counsel, hereby removes Case No. C-20202480 from the Louisiana Fourth Judicial District, Parish of Ouachita to the United States District Court for the Western District of Louisiana, Monroe Division. Removal is proper on the basis of federal question jurisdiction, given that Section 502(a) of the Employee Retirement Income Security Act of 1974 ("ERISA") completely preempts the claims at issue. In the alternative, removal is proper on the basis of diversity of jurisdiction, given that Express Scripts and Plaintiff Connie Bryant ("Plaintiff") are citizens of different states giving rise to complete diversity and Plaintiff's alleged claims exceed the required amount in controversy of $75,000.

### I.   THE STATE COURT ACTION

2. On September 18, 2020, Plaintiff initiated the State Court Action by filing a Petition for Damages in the Louisiana Fourth Judicial District Court, Parish of Ouachita. *See* Exhibit A, Petition ("Pet."), attached hereto.

3. On September 30, 2020, Express Scripts received a Notice of Service of Process and a copy of Plaintiff's Petition. *See* Exhibit B, Notice of Service of Process, attached hereto.

4. The gravamen of Plaintiff's allegations is that Express Scripts improperly denied her prescription benefits to which she claims she was entitled under her prescription benefits plan. Ex. A. Plaintiff alleges she was prescribed Xarelto, a blood-thinning medication, to prevent clotting after a left knee replacement in September 2019. Ex. A, Pet., ¶ IV.

5. Plaintiff alleges that a local pharmacy advised that Plaintiff's insurance plan required a prior authorization to approve the Xarelto prescription. *Id.* at ¶ V. Plaintiff claims her physician submitted a prior authorization, but Express Scripts denied the prior authorization improperly. *Id.* at ¶¶ V, IX.

6. Plaintiff alleges "Defendant is liable to [Plaintiff] for a pulmonary embolism she suffered on November 11, 2019, as a result of Defendant not authorizing/approving a prescription of Xarelto." *Id.* at ¶ III. Plaintiff also alleges "Express Scripts negligently failed to approve the Xarelto prescription," thereby causing her to suffer damages in the form of medical expenses, physical pain and suffering, emotional suffering and mental anguish, and loss of enjoyment of life and in an amount exceeding $50,000. *Id.* at ¶¶ XI-XIII.

## II. FEDERAL QUESTION JURISDICTION

7. Express Scripts wishes to exercise its right to remove this case to federal court because it involves claims by Plaintiff to recover benefits and enforce rights under an employee benefit plan which is governed by ERISA and, thus, presents a federal question under 28 U.S.C. §§ 1331 and 1441.

8. Federal question jurisdiction exists under the terms of ERISA and because section 502(a) of ERISA completely preempts state law claims concerning benefit determinations under an ERISA plan. *See, e.g.*, *Cantrell v. Briggs & Veselka Co.*, 728 F.3d 444, 452, (5th Cir. 2013); *see also*, *Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 63-67, 107 S.Ct. 1542 (1987).

9. Section 502(a) of ERISA provides, in relevant part, as follows:

> (a) A civil action may be brought—
>
> (1) by a participant or beneficiary—
>
> (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan ….

29 U.S.C. § 1132(a)(1)(B).

10. Section 502(a) of ERISA completely preempts "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy" because such a cause of action "conflicts with the clear congressional intent to make the ERISA remedy exclusive." *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 209 (2004). "[I]f an individual, at some point in time, could have brought his claim under ERISA [section] 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA [section] 502(a)(1)(B)." *Id.* at 210.

11. As a result, complete preemption under section 502(a) is an exception to the well-pleaded complaint rule, and a defendant may remove a case to federal court where, as here, the complaint does not expressly plead a claim under federal law, so long as the plaintiff asserts a state law cause of action that duplicates, supplements, or supplants ERISA's comprehensive enforcement scheme. *Id.* at 207-08.

12. It does not appear from the face of the Petition for Damages that Plaintiff alleges any state law claims which are not preempted by ERISA. However, to the extent Plaintiff does, or may do so in the future, this Court would have jurisdiction over such claims because they would be subject to this Court's supplemental jurisdiction. State law claims which arise out of the "same

case or controversy" as a federal claim are subject to the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) and removal is proper under 28 U.S.C. § 1441(a).

      **A.**     **ERISA Governs Plaintiff's Primary Health Plan.**

13.     ERISA's provisions apply to any "employee benefit plan" that is "established or maintained … by any employer engaged in commerce or in any industry or activity affecting commerce." 29 U.S.C. § 1003(a)(1). ERISA defines an "employee benefit plan" as "an employee welfare benefit plan." 29 U.S.C. § 1002(3). ERISA, in turn, defines an "employee welfare benefit plan" as "any plan, fund, or program … established or maintained by an employer … for the purpose of providing … medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment." 29 U.S.C. § 1002(1).

14.     Here, Plaintiff receives primary health insurance coverage through UAW Retiree Medical Benefit Trust plan (the "Plan") sponsored by VEBA Automotive. Express Scripts provides administrative services only to the Plan. At all relevant times, Plaintiff was a beneficiary of the Plan. The Plan is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3) because it is established and maintained by VEBA Automotive.

      **B.**     **ERISA Preempts Plaintiffs' Claims.**

15.     Plaintiffs' causes of action are based on the allegation that Express Scripts failed to authorize the prescription for her blood-thinning medications. In other words, Plaintiff's claims are based on the Express Scripts' alleged failure to grant prior authorization and/or pay benefits for the prescription. Such allegations arise out of, and necessarily depend upon, Plaintiff's rights and obligations under the Plan, which, as demonstrated above, is an "employee benefit plan," governed by ERISA. Thus, Plaintiff's only recourse is a claim under ERISA section 502(a)(1)(B),

and no other independent legal duty is implicated by the allegations in the Complaint. *Davila*, 542 U.S. at 210.

16. ERISA provides the exclusive remedy for this action, and Plaintiff cannot avoid complete preemption by styling her claim as a state law cause of action. *Id.* at 209; *see also Memorial Hosp. System v. Northbrook Life Ins. Co.*, 904 F.2d.236, 245 (5th Cir. 1990) (citing *Ramirez v. Inter–Continental Hotels*, 890 F.2d 760, 762 (5th Cir. 1989) (ERISA preempted the plaintiff's claims alleging the defendant "improperly process[ed] a claim for plan benefits" which is a state law cause of action)).

17. Because Plaintiff's cause of action "derives entirely from the particular rights and obligations established by" the Plan, ERISA section 502(a) completely preempts those claims. *Davila*, 542 U.S. at 213. Accordingly, the Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1441.

### III. DIVERSITY OF CITIZENSHIP

18. At the time of the commencement of this action and at all relevant times, Plaintiff is and has been an individual domiciled in the State of Louisiana. Pet., ¶ I. Consequently, for purposes of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), Plaintiff is a citizen of the State of Louisiana.

19. At the time of the commencement of this action and at all times since, Express Scripts is and has been a corporation incorporated under the laws of the State of Delaware with its principal place of business in the State of Missouri. Consequently, for purposes of diversity jurisdiction pursuant to 28 U.S.C. § 1332(c), Express Scripts is a citizen of the State of Delaware and the State of Missouri.

20. Thus, diversity is complete for purposes of 28 U.S.C. § 1332(a)(1).

21. There is no defendant named herein who is a citizen of the State of Louisiana.

22. Plaintiff alleges one cause of action alleging negligent denial of prescription benefits.

23. Plaintiff seeks monetary damages for (1) past and future medical expenses; (2) past and future physical pain and suffering; (3) past and future emotional suffering and mental anguish; and (4) loss of enjoyment of life.

24. Express Scripts expressly denies liability and that Plaintiff has suffered any damages.

25. Based on the allegations, the nature of the damages sought against Express Scripts in Plaintiff's Petition for Damages, it reasonably appears that the amount in controversy with respect to Plaintiff's claims, exclusive of interest and costs, exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00).

26. Thus, the amount in controversy is sufficient to establish diversity jurisdiction under 28 U.S.C. § 1332(a).

## IV. COMPLIANCE WITH REMOVAL STATUTE AND LOCAL RULES

27. In accordance with 28 U.S.C. § 1446(a), Express Scripts files this Notice of Removal in the U.S. District Court for the Western District of Louisiana, Monroe Division, because the Louisiana Fourth Judicial District Court, Parish of Ouachita is located in this federal judicial district and division.

28. In accordance with 28 U.S.C. § 1446(a) and Local Rules 5.7.01, 5.7.05, 10.1, and 11.1, Express Script has attached to this Notice of Removal a copy of all process, pleadings, and orders from the State Court Action and a separate copy of the operative Complaint. *See* Exhibit C, attached hereto and incorporated herein.

29. In accordance with 28 U.S.C. § 1446(a), counsel for Express Scripts has signed this Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure.

30. In accordance with 28 U.S.C. § 1446(b)(1), Express Scripts files this Notice of Removal within thirty days of Express Scripts' receipt of the Summons and the Petition for Damages on September 30, 2020.

31. In accordance with 28 U.S.C. § 1446(d), Express Scripts has provided notice of this filing to Plaintiff and has filed a copy of this Notice of Removal in the Louisiana Fourth Judicial District, Parish of Ouachita.  *See* Exhibit D, attached hereto.

## V.  NO WAIVER OF DEFENSES

32. In filing this Notice of Removal, Express Scripts does not waive any defenses that may be available, including without limitation, jurisdiction, venue, or the right to transfer.  Express Scripts does not admit any of the factual allegations in the complaint; rather, Express Scripts expressly reserves the right to contest those allegations at the appropriate time.

## VI. CONCLUSION

33. Based on the foregoing, the action is removable from the Louisiana Fourth Judicial District Court, Parish of Ouachita to this Court, pursuant to 28 U.S.C. §§ 1332(a), 1332, and 1441(a).

34. DEFENDANT EXPRESS SCRIPTS REQUESTS A JURY TRIAL

WHEREFORE, Express Scripts respectfully requests that the above-described State Court Action be removed from the Fourth Judicial District of Ouachita Parish, Louisiana to the U.S. District Court for the Western District of Louisiana, Monroe Division; that no further proceedings be held in the Fourth Judicial District of Ouachita Parish, Louisiana; and that the Court grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

WILKINSON, CARMODY & GILLIAM

/s/ Bobby S. Gilliam
Bobby S. Gilliam, La. Bar No. 6227
Jonathan P. McCartney, La. Bar No. 31508
Gemma Zuniga, La. Bar No. 38604
400 Travis Street, Suite 1700
Shreveport, LA 71101
Phone: (318) 221-4196
Fax: (318) 221-3705
bgilliam@wcglawfirm.com
jpmccartney@wcglawfirm.com
gzuniga@wcglawfirm.com

HUSCH BLACKWELL LLP

Michael P. Nolan, (#54048 MO)
Tanya M. Maerz, (#63987 MO)
190 Carondelet Plaza, Suite 600
St. Louis, MO  63105
Phone: 314.480.1500
Fax: 314.480.1505
michael.nolan@huschblackwell.com
tanya.maerz@huschblackwell.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 15th day of October 2020, a true and accurate copy of the foregoing document was filed with the Clerk of the Court to be served upon counsel of record via the Court's ECF system.

/s/ Bobby S. Gilliam