# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### MONROE DIVISION

**CONNIE BRYANT**                                    **CASE NO.  3:20-CV-01343**

**VERSUS**                                           **JUDGE TERRY A. DOUGHTY**

**EXPRESS SCRIPTS INC**                              **MAG. JUDGE KAYLA D. MCCLUSKY**

## REPORT AND RECOMMENDATION

Before the court is a motion to dismiss for failure to state a claim by Defendant Express

Scripts, Inc. [doc. # 6]. The motion is opposed. [doc. # 12]. For the following reasons, it is

recommended that the motion to dismiss be GRANTED IN PART and DENIED IN PART as

premature. It is further recommended that Plaintiff be given an opportunity to amend her

complaint to state her claims under the Employee Retirement Income Security Act of 1974, 29

U.S.C. §1001, *et seq.* ("ERISA").

## Background

Plaintiff Connie Bryant ("Plaintiff") alleges that Defendant Express Scripts, a Pharmacy

Benefits Manager ("PBM"),[1] denied her claim for prescription drugs to which she was allegedly

---

[1] A pharmacy benefits manager ("PBM") is an intermediate entity that provides services to a health plan such as: claims processing, data management, calculating benefit levels, and making disbursements. CALEB DOUGLAS HOLLINGER, *Employment and Health Law-the United States Court of Appeals for the Eight Circuit Holds Arkansas Law Regulating Reimbursement Rates for Rx Drugs Preempted by ERISA and Medicare Part D*, 42 U. Ark. Little Rock L. Rev. 653, 656 (2020)(citations omitted); *see also Rutledge v. Pharmaceutical Care Management Ass'n*, 141 S. Ct. 474, 478 (2020)("PBM's serve as intermediaries between prescription-drug plans and the pharmacies that beneficiaries use. When a beneficiary of a prescription-drug plan goes to a pharmacy to fill a prescription, the pharmacy checks with a PBM to determine that person's coverage and copayment information. After the beneficiary leaves with his or her prescription, the PBM reimburses the pharmacy for the prescription, less the amount of the beneficiary's copayment. The prescription drug plan, in turn, reimburses the PBM.")

entitled, and that the denial of her prescription caused her to be injured. [doc. # 1-3, p. 1]. Specifically, Plaintiff claims that Defendant did not authorize or approve the prescription of the anticoagulant Xarelto that a physician's assistant wrote her after she underwent knee replacement surgery on September 18, 2019. [doc. # 1-3, p. 1]. As a result, Plaintiff was allegedly placed on an alternative therapy of four aspirin per day for two weeks by a physician's assistant until the prior authorization could be completed. [doc. # 1-3, p. 2]. However, the prior authorization was apparently rejected by Defendant, and Plaintiff continued to take four aspirin per day as a substitute for Xarelto for far longer than two weeks. [doc. # 1-3, p. 2].

On November 11, 2019, Plaintiff experienced acute respiratory distress and chest pain, and she went to St. Francis Medical Center where it was discovered that she had a popliteal thrombus in her left leg and a pulmonary emboli in the lower lobe of her right lung. [doc. # 1-3, p. 2]. She was discharged with another prescription of Xarelto, but, again, Defendant allegedly refused to approve the prescription. [doc. # 1-3, p. 2]. Finally, with help from a physician's assistant, Plaintiff was able to get Xarelto approved by Defendant on December 9, 2019. [doc. # 1-3, p. 2]. She received her first dose of Xarelto on December 19, 2019, three months after she was initially prescribed it. [doc. # 1-3, p. 2].

On September 18, 2020, Plaintiff filed suit in the Fourth Judicial District Court for Ouachita Parish, State of Louisiana. [doc. # 1-3]. Plaintiff claims that Defendant's failure to timely and properly approve her prescription caused her injury by causing a thrombus in her left leg and pulmonary emboli in her lungs. [doc. # 1-3, p. 3]. She is seeking damages for (1) past and future medical expenses, (2) past and future physical pain and suffering, (3) past and future emotional suffering and mental anguish, and (4) loss of enjoyment of life. [doc. # 1-3, p.3].

On October 15, 2020, Defendant removed this case to federal court based on federal question jurisdiction, arguing that Section 502(a) of ERISA completely preempts Plaintiff's state law claims because her claims concern benefit determinations under an ERISA plan. [doc. # 1]. Further, Defendant asserts in the alternative that this Court has diversity jurisdiction because the Plaintiff and Defendant are citizens of different states, and the amount in controversy exceeds $75,000. [doc. # 1, p. 5-6].

Plaintiff admits that her health benefit plan is the UAW Retiree Medical Benefits Trust and does not dispute that this plan is an ERISA plan. [doc. # 12, p. 7]. Further, the law is well settled that the UAW Retiree Medical Benefits Trust plan is governed by ERISA [doc. # 6-1, p. 5].

Defendant filed a motion to dismiss for failure to state a claim on October 22, 2021, alleging that Plaintiff's state law claims for damages associated with being denied prescription drug benefits are preempted by ERISA. [doc. # 6]. Plaintiff filed an opposition on November 13, 2021. [doc. # 12]. Defendant filed a reply on November 20, 2020. [doc. # 14]. Accordingly, this motion is ripe.

## Law and Analysis

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" FED. R. CIV. P. 8(a)(2). In considering a Rule 12(b)(6) motion to dismiss, a court must "accept[] all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Ford v. Freemen*, 388 F. Supp. 3d 692, 698 (N.D. Tex. 2019)(quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). In reviewing a Rule 12(b)(6) motion, courts are ordinarily

"limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Id.* (quoting *Ironshore Europe DAC v. Schiff Hardin, L.L.P.*, 912 F.3d 759, 763 (5th Cir. 2019)).

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

1. **Complete Preemption of State Law Claims**

Complete preemption under ERISA is a jurisdictional issue and is an exception to the well-pleaded complaint rule. *Ford*, 388 F. Supp. 3d at 699 (citing *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207–08 (2004)); *see also Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987). [2] Thus, the Court may resolve the matter "based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint

---

[2] There are two types of ERISA preemption: (1) complete preemption under § 502(a); and (2) conflict or express preemption under § 514. *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999). Complete preemption supports federal question jurisdiction. *See Metro Life*, 481 U.S. at 63-64 (holding that complete preemption provides grounds to remove a case from state court—despite that the complaint does not affirmatively allege a federal claim). Conflict preemption is merely an affirmative defense and does not support federal question jurisdiction. *Westfall v. Bevan*, 2009 WL 111577, at *4 (N.D. Tex. Jan. 15, 2009) (citing *Giles*, 172 F.3d at 337). Defendant does not raise conflict preemption under § 514 in its motion to dismiss, and at this time the Court will address only complete preemption under § 502(a).

supplemented by undisputed facts plus the court's resolution of disputed facts." *Enable Mississippi River Transmission, L.L.C. v. Nadel & Gussman, L.L.C.*, 844 F.3d 495, 497 (5th Cir. 2016) (citations and internal quotation marks omitted).

Complete preemption under ERISA stems from § 502(a), which sets forth a comprehensive civil enforcement scheme. *Davila*, 542 U.S. at 208; 29 U.S.C. § 1132(a). Under that scheme, "any state-law cause of action that duplicates, supplements, or supplants" this scheme conflicts with the congressional intent to make ERISA an exclusive remedy, "and is therefore pre-empted." *Davila*, 542 U.S. at 209; 29 U.S.C. § 1132. In *Aetna Health Inc. v. Davila*, the United States Supreme Court set out a two-prong test to determine if an individual's cause of action is completely preempted by ERISA: (1) "if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B)," and (2) "there is no other independent legal duty that is implicated by a defendant's actions," then the cause of action is completely preempted. 542 U.S. at 210.

The framework articulated in *Davila* was based on ERISA's comprehensive civil-enforcement scheme set forth in ERISA § 502(a), and subsequent courts have considered whether an individual could bring an ERISA claim under the various other civil-enforcement provisions found in ERISA § 502(a), not just § 502(a)(1)(B). *Ford*, 388 F. Supp. 3d at 699-700; *see also Innova Hosp. San Antonio, L.P. v. Humana Ins. Co.*, 25 F. Supp. 3d 951, 957–58 (W.D. Tex. 2014) (stating that *Davila's* first prong requires determining whether a plaintiff could have brought the claim under § 502(a) generally); *Noetzel v. Haw. Med. Serv. Assoc.*, 183 F. Supp. 3d 1094, 1105–07 (D. Haw. 2016) (analyzing the first prong of *Davila* by considering whether the plaintiff could have brought claims under ERISA § 502(a)(1)(B) or § 502(a)(3)).

In this case, Plaintiff contends that she has presented only state law claims against Defendant. However, Defendant contends that Plaintiff is a beneficiary of an employee benefit plan covered by ERISA and that Plaintiff's claims are preempted by ERISA. Plaintiff made no attempt to address the UAW Retiree Medical Benefits Trust plan's attributes or to show that this plan is not governed by ERISA.

As a threshold matter, Plaintiff's plan must be an ERISA plan for ERISA preemption to apply. *See McNeil v. Time Ins. Co.*, 205 F.3d 179, 189 (5th Cir. 2000). ERISA defines an employee benefit plan as "any plan, fund, or program . . . established or maintained by an employer . . . for the purpose of providing for its participants or their beneficiaries . . . medical, surgical, or hospital care or benefits." 29 U.S.C. §1002(1). A plan qualifies as an ERISA plan if it (1) exists, (2) does not fall within the safe-harbor exclusion, and (3) was established or maintained by an employer for the purpose of benefiting the plan participants. *McNeil*, 205 F.3d at 189 (citing *Meredith v. Time Ins. Co.*, 980 F.2d 352, 355 (5th Cir. 1993)).

Here, this plan clearly exists, and Plaintiff has admitted she is a beneficiary of it. *See* [doc. #s 12, p. 3-7; 14, p. 4]. Further, Defendant cites several cases holding that the UAW Retiree Medical Benefits Trust plan is an ERISA plan; that is, that this plan does not fall within the safe harbor exclusion and was established or maintained by an employer for the purpose of benefitting the plan participants. *See, e.g., W.A. Griffin, M.D. v. Cmte. of the UAW Retiree Medical Benefits Trust*, No. 16-12002, 2016 WL 6777854, at *1 (E.D. Mich. Nov. 16, 2016) ("The UAW Trust is an 'employee welfare benefit plan' as defined by ERISA § 3(1)"); *Fiat North America, LLC v. UAW Retiree Medical Benefits Trust*,  No. 7903VCP, 2013 WL 3963684, at *1 (Del. Chanc. July 30, 2013) (recognizing that ERISA governs the UAW Plan); *Hood v. Ford Motor Co.*, No. 11-10649, 2011 WL 3651322, at *1 n.1 (E.D. Mich. Aug. 19, 2011) (the

parties did not dispute that ERISA governs the UAW Retirees Medical Benefits Trust).
Therefore, considering Plaintiff's admissions and well-settled law, the undersigned finds that
Plaintiff is the beneficiary of an ERISA plan.

Plaintiff contends that she did not sue her plan, so ERISA preemption does not apply.
However, the Fifth Circuit has held that "[f]or purposes of ERISA preemption the critical
distinction is not whether the parties to a claim are traditional ERISA entities in some capacity,
but instead whether the relevant state law affects an aspect of the relationship that is
comprehensively regulated by ERISA." *E.I. DuPont de Nemours & Co. v. Sawyer*, 517 F.3d 785,
800 (5th Cir. 2008)(quoting *Bank of Louisiana v. Aetna US Healthcare Inc*., 468 F.3d 237, 243
(5th Cir.2006)). "The critical determination is whether the claim itself created a relationship
between the plaintiff and defendant that is so intertwined with an ERISA plan that it cannot be
separated." *Id.* (citing *Bank of Louisiana*, 468 F.3d at 243); *see also Simon v. Express Scripts,
Inc*., No. 6:13-cv-00187, 2013 WL 5375433 (W.D. La. Sept. 23, 2013) (holding that where a
cause of action against an ERISA plan is voluntarily dismissed, leaving only an action for against
the plan's PBM for damages resulting from the denial of prescription drug benefits, the cause of
action against the PBM is still preempted by ERISA). Accordingly, it is immaterial whether
Plaintiff attempted to avoid ERISA preemption by suing only the PBM and not her ERISA plan.

Plaintiff's claims are preempted by ERISA if (1) she could have brought her claim under
ERISA § 502(a), and (2) there is no other independent legal duty implicated by Defendant's
actions. *Davila*, 542 U.S. at 210. First, Plaintiff contends that her claims have nothing to do with
coverage questions. However, this assertion is contrary to what she alleges in her complaint;
Plaintiff claims that Defendant's refusal to authorize the prescription caused her to be unable to
obtain her medication. Authorization is only relevant in terms of whether the prescription is

covered under her insurance plan, which is an ERISA plan. In Defendant's letters to Plaintiff, attached to her opposition to the motion to dismiss, Defendant explicitly says that there is "a delay in processing your prescription due to additional information needed to determine coverage of the requested prescription" under her plan. [doc. # 12-4]. Defendant's ability to deny Plaintiff's prescription benefits rests entirely on her right to coverage for the prescriptions under her ERISA plan. Although Plaintiff alleges that Defendant also made a "medical determination" that four aspirin was a substitute for Xarelto,[3] this tenuous allegation is still inextricably intertwined with Defendant's determination that Plaintiff was not entitled to have the prescription of Xarelto covered by her plan. Accordingly, both Plaintiff's claim for damages associated with Defendant's refusal to authorize her prescription of Xarelto, and its alleged "medical determination" that four aspirin was an alternative therapy are claims concerning her coverage under the terms of the plan.

Under § 502(a)(1)(B), a participant or beneficiary may bring a civil action "to recover benefits due to him under the terms of his plan." 29 U.S.C. § 1132(a)(1)(B). Under § 502(a)(3), a participant, beneficiary, or fiduciary can bring a civil action to "enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or . . . obtain other appropriate equitable relief . . . to redress such violations or . . . enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3). The Court finds that Plaintiff's claim could have been brought as a claim § 502(a)(1)(B) or § 502(a)(3) for the denial of prescription drug benefits to which she claims she was entitled.

---

[3] It was allegedly the physician's assistant, Trey Harold, who initially placed Plaintiff on aspirin temporarily as a substitute for Xarelto. [doc. # 1-3, p. 1-2].

Next, the Court considers "whether [Plaintiff] is in fact seeking benefits under the terms of the plan, or rights that derive from" an independent legal duty. *Ford*, 388 F. Supp. 3d at 700 (quoting *Lone Star OB/GYN Assocs. v. Aetna Health Inc.*, 579 F.3d 525, 529 n.3 (5th Cir. 2009)). A legal duty is not independent of ERISA if it "derives entirely from the particular rights and obligations established by [ERISA] benefit plans." *Id.* (quoting *Davila*, 542 U.S. at 213). Stated differently, "[s]tate law legal duties are not independent of ERISA where 'interpretation of the terms of [the] benefit plan forms an essential part' of the claim, and legal liability can exist 'only because of [the defendant's] administration of ERISA-regulated benefit plans.'" *Id.* (quoting *In re WellPoint, Inc. Out-of-Network "UCR" Rates Litig.*, 903 F. Supp. 2d 880, 929 (C.D. Cal. 2012) (quoting *Davila*, 542 U.S. at 213)).

For example, this Court held in *Simon v. Express Scripts, Inc.*, that a plaintiff's claims sought the same relief as a cause of action for denial of benefits where she alleged that a PBM caused her damages when it negligently denied her prescription drugs. *Simon v. Express Scripts, Inc.*, No. 13-0187, 2013 WL 5375433, at *10-11 (W.D. La. Sept. 23, 2013). The court reasoned that:

> [P]laintiff is seeking damages for denial of a benefit provided by virtue of her employee benefit plan—prescription drugs—and the plaintiff cannot avoid the exclusive sphere of ERISA by couching her claim in terms of negligence and/or breach of contract. Indeed, the plaintiff is seeking a benefit to which she is entitled only because of her health benefit plan, and her arguments to the contrary—that her claims have nothing to do with a health benefit plan—are belied by the express language of her complaint.

*Id.* (emphasis in original). This Court further reasoned that "when liability potentially exists only because of the administration of an ERISA plan, the plaintiff's claim is completely preempted by

ERISA." *Id.* at *11. *See also Davila*, 542 U.S. at 211(holding that ERISA preempted plaintiff's claims against insurance company where it refused to approve payment for plaintiff's prescription, reasoning that the only relationship between plaintiff and defendant was defendant's partial administration of plaintiff's employer benefit plan); *Devers v. Carpenters Health and Welfare Tr. Fund for California*, No. 18-cv-04215, 2019 WL 3718596, at *1 ( N.D. Cal. Aug. 7, 2019) (lawsuit for denial of prescription drugs by a PBM was brought under ERISA against the health plan, where the plaintiff was a beneficiary of an employee health benefit plan); *Farias v. Mass. Laborers' Health & Welfare Fund*, 2018 WL 340031, at *7 (D. Mass. Jan. 9, 2018)(holding that plaintiff's state law claims against PBM regarding a denial of prescription coverage under an ERISA plan were completely preempted);

Here, any duty owed to Plaintiff by Defendant is by virtue of Plaintiff's participation in the ERISA plan with which Defendant is contracted with to provide pharmacy benefits management services. Like in *Simon*, here, Defendant's legal liability for denying Plaintiff's prescription authorization can exist only because she is due pharmacy benefits under her ERISA plan. Accordingly, her claims that she was damaged by Defendant's alleged denial of benefits she was due under her plan are completely preempted by ERISA.

The Fifth Circuit has outlined two possible approaches for when a claim is found to be completely preempted by ERISA:

> District courts in this circuit are split. Most hold that complete preemption results in dismissal of the state-law claim, even though they typically allow plaintiffs to replead and assert the dismissed state law claims as federal claims. Defendants, as well as the Second Circuit, urge this approach. But at least one of our district courts does not dismiss the

claim, instead treating it as having become a properly asserted federal claim and

proceeding to adjudicate it on the merits.

*Ford*, 388 F. Supp. 3d at 703-03(quoting *Spear Mktg., Inc. v. BancorpSouth Bank*, 791 F.3d 586,

598 n.62 (5th Cir. 2015)). However, the Fifth Circuit has generally leaned toward the dismissal

approach. *Id*. at 704; *see also Simon,* 2013 WL 5375433, at *10-11; *Spear Mktg., Inc.*, 791 F.3d

at 598 n.62; *GlobeRanger Corp. v. Software AG*, 691 F.3d 702, 706 (5th Cir. 2012). In this case,

the Court views the dismissal approach as the better option. Plaintiff may elect to refile her claim

under § 502(a)(1)(B) or another ERISA provision, such as § 502(a)(3). Accordingly, it is

recommended that Plaintiff's state-law claim for damages resulting from the denial of pharmacy

benefits be DISMISSED. However, the Plaintiff is GRANTED[4] leave to amend her Complaint to

replead and assert this claim under ERISA. Such amendment must be accomplished within 14

days of the date of this report and recommendation.

2. **No Remedy for Personal Injuries under ERISA**

Defendant alleges that because there is no remedy for personal injuries such as those

alleged by Plaintiff under ERISA for denial of benefits, her claim must be dismissed. [doc. # 6,

p. 1-2]. The Fifth Circuit has explained that "the relief provided by § 502(a)(1)(B)—the right to

sue to receive benefits (or reimbursement for payments made)—is exclusive of other remedies."

*Hamann v. Independence Blue Cross*, 2013 WL 5227085, at *2 (5th Cir. Sept. 18, 2013).

Further, this Court held in *Simon v. Express Scripts, Inc*., that an amended complaint failed to

---

[4] As this motion is not excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court.  Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

state a claim under ERISA where the plaintiff sought the recovery of compensatory damages for a PBM's alleged violation of ERISA, rather than the recovery of plan benefits. *Simon v. Express Scripts, Inc.,* No. 6:13-cv-00187, 2014 WL 358706, at *3-4 (W.D. La. Jan. 31, 2014).  Here, as in *Simon*, the Plaintiff should be afforded an opportunity to amend her complaint to attempt to state her claim under ERISA before the Court evaluates the substance of the ERISA claim. Accordingly, it is premature for the court to address this argument without the benefit of reviewing Plaintiff's amended complaint. Thus, it is recommended that Defendant's motion to dismiss on the basis that the remedy Plaintiff seeks is not available under ERISA be DENIED as premature.

### 3.  Exhaustion of Administrative Remedies

Plaintiff does not currently have any ERISA claims against Defendant, having made only state law claims, yet Defendant still makes the argument that failure to exhaust plan remedies bars Plaintiff's ERISA claims. Thus, at first glance, ruling on this issue seems premature. *See Ford*, 388 F. Supp. 3d at 708. In the Fifth Circuit, "claimants seeking benefits from an ERISA plan must first exhaust available administrative remedies under the plan before bringing suit to recover benefits." *Id.* (quoting *N. Cypress Med. Ctr. Operating Co. v. CIGNA Healthcare*, 782 F. Supp. 2d 294, 303 (S.D. Tex. 2011) (quoting *Bourgeois v. Pension Plan for Emps. of Santa Fe Int'l Corps.*, 215 F.3d 475, 479 (5th Cir. 2000))). However, exhaustion of administrative remedies is an affirmative defense, not a jurisdictional bar. *Id.* (citing *CIGNA Healthcare*, 782 F. Supp. 2d at 303). "[A] complaint is not subject to dismissal under Rule 12(b)(6) because it fails to allege facts disproving a possible affirmative defense." *Id.* (quoting *CIGNA Healthcare*, 782 F. Supp. 2d at 304 (citing *Hall v. Hodgkins*, 305 F. App'x 224, 228 n.1 (5th Cir. 2008))); *see also Thibodeaux v. Prudential Ins. Co. of Am.*, 2008 WL 5397236, at *1 (W.D. La. Oct. 30, 2008)

("The proper procedural vehicle for assertion of the affirmative defense of lack of ERISA administrative exhaustion is by way of properly supported motion for summary judgment"). *But see Medina v. Anthem Life Ins. Co.*, 983 F.2d 29, 30, 33 (5th Cir. 1993) (affirming the district court's Rule 12(b)(6) dismissal of plaintiff's ERISA claim on exhaustion grounds when the plaintiff made her first claim for benefits by filing suit).

Because Plaintiff has not stated a claim under ERISA, it is premature for Defendant to move to dismiss her claims based on an affirmative defense to an ERISA claim. Dismissal of ERISA claims for failure to allege exhaustion of administrative remedies at the motion-to-dismiss stage is generally disfavored. Given that Plaintiff has not yet even asserted an ERISA claim, it is not appropriate for the court to address Defendant's affirmative defense to a possible ERISA claim at this time. Accordingly, it is recommended that the motion to dismiss for failure to exhaust administrative remedies be DENIED as premature.

### 4. Proper Party Defendant to an ERISA Claim for Benefits

Finally, Defendant asserts that Plaintiff's claims against it should be dismissed because it is not a proper defendant under ERISA. "An ERISA claim must be asserted against the party that controls administration of the plan." *Simon*, 2014 WL 358706, at *4 (citing *LifeCare Mgmt. Servs. LLC v. Ins. Mgmt. Adm'rs., Inc.*, 703 F.3d 835, 845 (5th Cir.2013)). Further, "[t]hat party usually is the plan itself or the designated plan administrator, although another party may be sued if it exercises actual control over the claims process." *Id.* (citing *LifeCare Mgmt. Servs. LLC*, 703 F.3d at 845). For example, in *Simon*, this Court held that where the Plaintiff did not allege that the PBM exercised control over the plan, and the terms of the plan clearly stated that a different entity was vested with control over the plan, the PBM was not a proper defendant. *Simon*, 2014 WL 358706, at *4. The Court reasoned that because the PBM did not have ultimate control over

13

benefits determinations, it could not be liable to the plaintiff beneficiary for denial of benefits. *Id*. Further, the Defendant PBM had attached the terms of the plan to the motion to dismiss, and the terms clearly indicated that another entity, the "Plan Administrator," had the authority to make decisions in connection with coverage under the plan. *Id*.

Here, Plaintiff has yet to make a claim under ERISA, so Defendant's motion to dismiss because it is not a proper party to an ERISA action is premature. Further, unlike in *Simon*, the Defendants have not submitted any information regarding the terms of the plan or the contract between Defendant and the ERISA plan. Thus, the Court is unable to conclude at this time from the available information that Defendant did not exercise any control over benefits determinations. Accordingly, it is recommended that the motion to dismiss because Defendant is not a proper defendant under ERISA be DENIED as premature.

<u>Conclusion</u>

For the above signed reasons,

IT IS RECOMMENDED that Defendant's motion to dismiss [doc. # 6] be **GRANTED IN PART** and **DENIED IN PART.** Insofar as all of Plaintiff's state law claims are pre-empted by ERISA, the motion should be **GRANTED**. Insofar as Defendant seeks dismissal of Plaintiff's claims under ERISA on any other grounds including unavailable remedy, failure to exhaust administrative remedies, and improper party defendant, the motion should be **DENIED** as premature because Plaintiff has not yet brought a claim under ERISA.

IT IS FURTHER RECOMMENDED that Plaintiff's state-law claims against Defendant be **DISMISSED WITHOUT PREJUDICE**.

IT IS FURTHER ORDERED that Plaintiff is granted leave to amend her complaint to state her claims against Defendant under ERISA no later than fourteen (14) days of the date of this report and recommendation. If Plaintiff fails to amend, then the undersigned recommends that her lawsuit be dismissed in its entirety.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FED. R. CIV. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE in Chambers on this 15th day of March, 2021.

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE

15